FILED
97 JAN 13 PM 2:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

| | | |
|---|---|---|
| Cotton States Mutual Insurance Co., <br> Plaintiff(s); | ) <br> ) <br> ) | |
| -vs.- | ) <br> ) | No. CV 95-P-2241-S |
| Luis Guerra, et al., <br> Defendant(s). | ) <br> ) <br> ) | |

### Order and Opinion

After hearing at the Motion Docket on December 20, 1996, the Plaintiff's Motion for Summary Judgment is hereby GRANTED. The Clerk of the Court is directed to enter the accompanying Declaratory Judgment as the final judgment.

The Plaintiff filed a complaint for a Declaratory Judgment regarding its obligation to provide coverage under a homeowner's policy which had been issued to James Kenneth Wilson. The Defendants ("Guerras") have a pending state court action against Wilson and others alleging tortious conduct which resulted in the wrongful death of Esmeralda Guerra. In August 1995, Esmeralda Guerra died after allegedly being left unattended in a school bus either owned or operated by the Blount County Board of Education. Wilson is the Transportation Supervisor for the Blount County Board of Education. Wilson was neither the driver of the bus nor was he present on the scene. Wilson was named as a defendant in the lawsuit which has been filed in Blount County Circuit Court. It appears from the documents submitted by the parties that Wilson is being sued because of his professional position--perhaps for negligently supervising or negligently training the bus drivers.

In its Motion for Summary Judgment, Cotton States argues that it is not required to provide coverage under Wilson's policy because of certain policy exclusions. The homeowner's policy issued to Wilson provided for personal liability coverage but contained exclusions from this coverage for actions which occur through business pursuits and for actions which occur through the operation of a motor vehicle. The policy states under "Section II-Exclusions" that personal liability coverage does not apply to "bodily injury or property damage...(b) arising out of business pursuits of an insured or the rental or holding for rental any part of any premises by an insured." The exclusions go on to state that personal liability coverage is also excluded when it arises from "(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances...." Based on a plain reading of the insurance policy and the facts of the case, either exclusion is effective to relieve Cotton States of any obligation under the policy to provide coverage for the alleged acts of Wilson. Therefore, Cotton States' Motion for Summary Judgment is due to be granted.

Date: January  12 , 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
Mr. L. Tennent Lee, III
Mr. John F. Kizer, Jr.
Mr. Marco Antonio Gonzalez